1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ASARO, | )  Civil No. 14cv1504 AJB (MDD) |
| Plaintiff, | )  ORDER: |
| v. | )  (1) DENYING MOTION TO |
| SHERIFF GORE, et al., | )  PROCEED IN FORMA PAUPERIS, |
| Respondents. | )  (Doc. No. 2); and |
| | )  (2) DISMISSING CASE WITHOUT |
| | )  PREJUDICE AND WITH LEAVE |
| | )  TO AMEND, (Doc. No. 1). |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $19.86 on account at the California correctional institution in which he is presently confined.  The filing fee associated with this type of action is $5.00.  *See* 28 U.S.C. § 1914(a).  It appears Petitioner can pay the requisite filing fee.  Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## EXHAUSTION OF STATE JUDICIAL REMEDIES/ABSTENTION

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  Ordinarily, to satisfy the exhaustion requirement, a petitioner must "'fairly present[]' his federal claim to the highest state court with jurisdiction to consider it, or . . . demonstrate[] that no state remedy remains available."  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996)

(citations omitted).  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

It is not clear from the Petition that Petitioner has exhausted his state judicial remedies. Indeed, it appears that he is currently in the process of presenting his claims to the California Supreme Court.[1]

Moreover, under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings."). These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. At the time Petitioner filed the instant Petition, it appears he has yet to receive a decision on his direct appeal to the California Court of Appeal. Thus Petitioner's criminal case is still ongoing in the state courts. Further, there is no question that the state criminal proceedings involve impor-

---

[1] The Court takes judicial notice of the California Court of Appeal website which indicates an opening brief was filed in Petitioner's case in the California Supreme Court on April 3, 2014. (*See* http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=2039905&doc_no=D063557

14cv1504

tant state interests.  Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal.  Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. His appeal is currently pending and abstention is therefore required.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) (*Younger* applies to state appellate proceedings as well as ongoing proceedings in state trial court); *see also Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from that the case concluded in the state courts.")

The Court also cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of

1  limitations does run while a <u>federal</u> habeas petition is pending.  *Duncan v. Walker*, 533
2  U.S. 167, 181-82 (2001).

3  **CONCLUSION**

4      For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed in
5  forma pauperis and **DISMISSES** the case without prejudice and with leave to amend.  If
6  Petitioner wishes to proceed with this case he must, **no later than <u>August 26, 2014</u>**:  (1)
7  pay the $5.00 filing fee **OR** submit adequate proof of his inability to pay the fee; **AND**
8  (2) file a First Amended Petition that demonstrates he has exhausted his state judicial
9  remedies and that abstention is not required by this Court.  If Petitioner is unable to
10 demonstrate exhaustion of his state judicial remedies by August 26,2014, he will have to
11 start over by filing a new petition. ***The Clerk of Court is directed to mail Petitioner a***
12 ***blank motion to proceed in forma pauperis forma and a blank First Amended Petition***
13 ***form together with a copy of this Order***
14 **IT IS SO ORDERED.**

16 DATED:  June 23, 2014

17 _____
18 Hon. Anthony J. Battaglia
   U.S. District Judge