UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ASARO,<br><br>         Petitioner,<br><br>  v.<br><br>SHERIFF GORE, Warden,<br><br>         Respondent. | Civil No. 14-1504 AJB (MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST TO RECONSIDER PETITION** |

  On June 16, 2014, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On June 23, 2014, this Court denied the in forma pauperis application because Petitioner had sufficient funds in his jail trust account to satisfy the $5.00 filing fee. In addition, the Court noted it was not clear that Petitioner had exhausted state judicial remedies as to the claims raised in the Petition. Petitioner was notified that in order to have his case reopened he must pay the filing fee and submit a First Amended Petition which adequately alleges exhaustion. On August 4, 2014, Petitioner submitted a document entitled "Request to Reconsider Original Filing" [ECF No. 5].

## FILING FEE

  In his motion, Petitioner states that he has signed a form requesting and authorizing the San Diego County Jail to withdraw the $5.00 filing fee from his trust

1  account, yet the funds have not been forwarded to this Court.  Because it appears
2  Petitioner made a good faith effort to have the funds forwarded from his trust account,
3  the Court will permit Petitioner to proceed in anticipation of the filing fee being
4  received, without prejudice to Respondent to demonstrate that Petitioner failed to
5  properly request the funds be sent to the court.

## EXHAUSTION OF STATE JUDICIAL REMEDIES

In addition, Petitioner asserts this Court should reconsider whether he exhausted the claims presented in the federal petition.  The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims.  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings, such as a petition for writ of habeas corpus to the California Supreme Court.[1]  *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002).  The constitutional claim raised in the federal proceedings must be the same as that raised in the state proceedings.  *See id.*

Petitioner claims that he exhausted state remedies by attempting to file a petition for review to the California Supreme Court.  He points to a letter he received from the Clerk of Court for the California Supreme Court, included in exhibits attached to his original petition, which states that his petition for review was received by the state supreme court, but returned to Petitioner unfiled because it was untimely.  Petitioner claims therefore that he has exhausted his claims because he has "no other state remedy is available." (Motion at 3.)

/ / /

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State.

Petitioner also attached to his federal Petition, a copy of his petition for review in which he claimed law enforcement unlawfully searched a residence because the search warrant was obtained without probable cause and based solely on unreliable testimony of confidential informant. (Pet. at 30-31, Ex. 1.) He further argued that failure to disclose the identity of the confidential informant deprived him of due process. (Pet. at 32, Ex. 1.) Finally, Petitioner asserted that the vehicle search was unlawful because he was intoxicated and unable to knowingly waive his constitutional rights. (Pet. at 31, Ex. 1.) He raises these same claims in his federal petition.

Petitioner also raises an additional claim in his federal petition which he admits has not been presented to the California Supreme Court. In ground four, Petitioner claims his due process rights were violated when the trial court sentenced him despite knowing he was under the influence of drugs at the time. He argues he was impaired and unable to understand the plea agreement. He also claims the California Supreme Court violated his due process rights when it determined his petition for review was untimely and refused to file it. (Pet. at 9.)

Based on the foregoing, Petitioner has failed to adequately allege exhaustion of all claims raised in the petition. The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. *Peterson v. Lampert*, 319 F.3d 1153, 1155 (9th Cir.2003) (en banc). A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted. *Rhines v. Webber*, 544 U.S. 269, 273-74 (2005).

**A.   PETITIONER'S OPTIONS**

In order to proceed with his case, Petitioner may choose one of the following options.

/ / /

/ / /

/ / /

/ / /

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims raised in the Petition. If Petitioner chooses this option, his papers are due no later than **October 9, 2014**. Respondent may file a reply by **October 24, 2014**.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **October 9, 2014**. Respondent may file a reply by **October 24, 2014**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003,

---

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. Duncan, 533 U.S. at 181-82.

### iii) Third Option:  Formally Abandon Unexhausted Claims

Petitioner may formally abandon any unexhausted claim and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **October 9, 2014**.   Respondent may file a reply by **October 24, 2014**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise them in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). *Rhines v. Webber*, 544 U.S. 269 (2005); *Jackson v. Roe*, 425 F.3d 654 (9th Cir. 2005). Petitioner is notified that in order for the

---

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

1 | Court to grant a stay and abeyance, he must demonstrate there are arguably meritorious
2 | claims which he wishes to return to state court to exhaust, that he is diligently pursuing
3 | his state court remedies with respect to those claims, and that good cause exists for his
4 | failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. If
5 | Petitioner chooses this fourth option, he must file a pleading with this Court no later than
6 | **October 9, 2014**. Respondent may file a reply by **October 24, 2014**.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART,** Petitioner's "Motion to Reconsider Original Filing." Petitioner is permitted to proceed in this action, in anticipation of the filing fee being received from the institution where Petitioner is confined. Accordingly, the case is **REOPENED,** without prejudice to Respondent showing Petitioner failed to properly request the funds be forwarded. Petitioner is directed to select one of the options outlined above. If Petitioner fails to respond to this Order, the Petition will be dismissed without prejudice.[4] *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: August 26, 2014

*/s/ Battaglia*
Hon. Anthony J. Battaglia
U.S. District Judge

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.